869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas ROBINSON, Plaintiff-Appellant,
v.
Ada MEYER; Ron Meyer; Janice Meyer; Gretchen Fern Lyons,
Defendants- Appellees.
 No. 88-3821.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1989.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff Robinson moves for counsel on appeal from the district court's judgment dismissing this civil rights case. 42 U.S.C. Secs. 1982, 1983, 2000e-2, and 3604. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, the plaintiff alleged that the defendants threatened to evict him from his apartment because he is black. The district court dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d) because the plaintiff failed to state a claim under 42 U.S.C. Sec. 1983 and Sec. 2000e-2. The district court also held that the complaint contained insufficient information to state a claim under 42 U.S.C. Secs. 1982 and 3604. The court therefore dismissed the complaint without prejudice.
 
 
 4
 We agree with the conclusions of the district court with one exception. We hold that the allegations in the complaint are sufficient to state a claim under 42 U.S.C. Sec. 1982. As the Supreme Court said in Jones v. Alfred H. Mayer Co., 392 U.S. 409, 443 (1968):
 
 
 5
 At the very least, the freedom that Congress is empowered to secure under the Thirteenth Amendment includes the freedom to buy whatever a white man can buy, the right to live wherever a white man can live.
 
 
 6
 Threatening to evict a person on the basis of race does state a violation of the statute. Woods-Drake v. Lundy, 667 F.2d 1198, 1201 (5th Cir.1982). Therefore, we will remand this issue to the district court for further proceedings.
 
 
 7
 The motion for counsel is denied. The judgment of the district court is affirmed in part and vacated and remanded in part under Rules 9(b)(5) and (6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation